UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN W. MANNING,<br>    Plaintiff,<br><br>  v.<br><br>OFFERUP INC., et al.<br>    Defendants. | CASE NO. 2:23-cv-00201-JHC<br><br>ORDER |

  This matter comes before the Court sua sponte. The Court has reviewed Plaintiff's complaint (Dkt. # 8) and accompanying request for a temporary restraining order (Dkt. # 4). For the reasons below, the Court DISMISSES the complaint without prejudice and DENIES the request for a temporary restraining order. Plaintiff is granted leave to file an amended complaint, but must do so within thirty (30) days of the date of this order.

I.

<b>BACKGROUND</b>

  Plaintiff John Manning brought this action against Susan Smith and OfferUp, Inc. *See generally* Dkt. # 8 at 7–8. Plaintiff asserts that Smith accepted his offer to pay $750 for a car. *Id.* According to the complaint, after sending the money, Smith requested an additional $100,

ORDER - 1

but promised that the vehicle would soon be delivered. *Id.* Plaintiff gathered an additional $100 and made the payment. *Id.* OfferUp, Inc.—which was apparently involved in delivering the vehicle to Plaintiff—then contacted Plaintiff to say that the vehicle could not be delivered without additional payment. *Id.* The vehicle was never delivered. *Id.* When Plaintiff contacted Defendants to obtain either the car or his money back, neither Defendant cooperated. *Id.*

This Court granted Plaintiff's request to proceed in forma pauperis (IFP) on February 22, 2023. Dkt. # 7.

## II.

### DISCUSSION

A.   Standard for Dismissal

8 U.S.C. § 1915 governs dismissal of IFP complaints. Section 1915 requires the Court to dismiss an IFP complaint if it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "[S]ection 1915(e) not only permits but *requires* a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (emphasis added). A court evaluating an IFP complaint applies the same standard as it applies to a Rule 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Because Plaintiff is pro se, the Court construes the pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Similarly, the Court must dismiss a complaint if it presents no basis for subject matter jurisdiction. The Court has an obligation to determine sua sponte whether it has subject matter

ORDER - 2

jurisdiction over the case.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added)); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *Emiabata v. Bank of N.Y. Mellon Tr. Co. NA/JP Morgan Chase (SLS)*, No. 17-cv-01302-JLR, 2017 WL 4838840, at *1 (W.D. Wash. Oct. 3, 2017) (dismissing an IFP complaint under Section 1915 when it failed to establish subject matter jurisdiction).

When a court dismisses a pro se plaintiff's complaint, it must give the plaintiff leave to amend "unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

B.  Analysis

Plaintiff has failed to establish subject matter jurisdiction.  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).  Construed liberally, the complaint appears to rely on both federal question and diversity of citizenship subject matter jurisdiction.  Dkt. # 8 at 3.  But the complaint does not support either jurisdictional theory.

Plaintiff has not plausibly alleged federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff says that he is suing under 42 U.S.C. § 1983.  Dkt. # 8 at 3.  "In order to recover under § 1983 for conduct by the defendant, a plaintiff must show 'that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  "[C]onstitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Naoko Ohno*

*v. Yuko Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013) (citation omitted). The state-action element in section 1983 "excludes from [the statute's] reach merely private conduct, no matter how discriminatory or wrongful." *Caviness*, 590 F.3d at 812 (citation omitted).

Here, Defendants are private entities (a private individual and a private company), not government officials. The harm Plaintiff allegedly suffered was not caused by the government or an agent of the State. Accordingly, Plaintiff has not plausibly stated a claim under 42 U.S.C. § 1983 that can support federal question jurisdiction.

Nor has Plaintiff plausibly asserted diversity of citizenship under 28 U.S.C. § 1332. Diversity jurisdiction requires both (1) complete diversity of citizenship between the plaintiff and all defendants, and (2) an amount-in-controversy that exceeds $75,000. *See* 28 U.S.C. § 1332. Plaintiff says that the amount in controversy is $10,850. Dkt. # 8 at 4. This does not satisfy the amount-in-controversy requirement of $75,000. To be sure, Plaintiff later requests nearly $100 million damages. Dkt. # 8 at 9. But this request is not plausible: The dispute concerns approximately $1,000. Even if the Court assumes that Plaintiff would be entitled to additional punitive damages or damages for emotional distress, such additional damages would come nowhere near the $75,000 requirement.

Even if Plaintiff could satisfy the amount-in-controversy requirement, however, Plaintiff's complaint would still suffer a fatal defect: Aside from a cause of action under 42 U.S.C. § 1983 (which, as discussed above, is not plausible because there is no state action), Plaintiff does not assert any other cause of action to support his claim.

Finally, Plaintiff requests a temporary restraining order. Dkt. # 4. Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010). Under that standard, a plaintiff must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable

harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  For the reasons above, Plaintiff has not demonstrated a likelihood of success on the merits.  Plaintiff has not satisfied the jurisdictional requirements, and the one cause of action he asserts—a cause of action under § 1983—is not plausible because neither Defendant is a state actor.  Nor has Plaintiff demonstrated irreparable harm.  Money damages would seemingly make Plaintiff whole again.

### III.
#### CONCLUSION

For the reasons below, the Court DISMISSES the complaint without prejudice and DENIES the request for a temporary restraining order.  Plaintiff is granted leave to file an amended complaint, but must do so within thirty (30) days of the date of this order.

The Court DIRECTS the Clerk to send a copy of this order to Plaintiff.

Dated this 1st day of March, 2023.

John H. Chun
United States District Judge

ORDER - 5